UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE CRAINE,<br><br>                                    Plaintiff,<br><br>   - against -<br><br>ROMONA KEVEZA COLLECTION LLC<br><br>                                   Defendant. | Docket No. 1:19-cv-936<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Nicole Craine ("Craine" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Romona Keveza Collection LLC ("Romona" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two copyrighted photographs American operatic soprano Alyson Cambridge, owned and registered by Craine, a New York based professional photographer. Accordingly, Craine seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Craine is a professional photographer in the business of licensing her photographs to online and print media for a fee having a usual place of business at 120 Thames Street, Unit 304, Brooklyn, New York 11237.

6. Upon information and belief, Romona is a domestic limited liability company duly organized and existing under the laws of the State of New York, with a place of business One Rockefeller Plaza, New York, New York 10020. Upon information and belief Romona is registered with the New York Department of State Division of Corporations to do business in the State of New York. At all times material, hereto, Romona has owned and operated a website at the URL: www.Romonakeveza.com, has operated the websites at the URL's: www.facebook.com/OfficialRomonaKeveza, www.instagram.com/romonakeveza/ (all together the "Websites").

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photographs**

7. Craine photographed American operatic soprano Alyson Cambridge (the "Photographs"). True and correct copies of the Photographs are attached hereto as Exhibit A.

8. Craine then licensed the Photographs to the New York Times. On December 7, 2018, the New York Times ran an article that featured the Photographs titled *How Alyson Cambridge, Operatic Soprano, Spends Her Sundays.* See URL: https://www.nytimes.com/2018/12/07/nyregion/how-alyson-cambridge-operatic-soprano-spends-

her-sundays.html. Craine's name was featured in a gutter credit identifying her as the photographer of the Photographs. Screenshots of the Photographs on the New York Times are attached hereto as Exhibit B.

9. Craine is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs were registered with the United States Copyright Office and were given registration number VA 2-126-711.

### B. Defendant's Infringing Activities

11. On December 7, 2018, Romona ran an article on the Websites titled *Alyson Cambridge Stops By The Romona Keveza Flagship Maison, Featured In the New York Times*. See URL: http://www.romonakeveza.com/in-the-news/2018/12/7/alyson-cambridge-stops-by-the-romona-keveza-flagship-maison-featured-in-the-new-york-times. The article featured the Photographs. Screenshots of the Photograph on the article are attached hereto as Exhibit C.

12. On December 10, 2018, Romona ran one of the Photographs on its Facebook Page. See: https://www.facebook.com/OfficialRomonaKeveza/posts/10156174182977989?__tn__=C-R. A screenshot of the Photograph on the Facebook Page is attached hereto as Exhibit D.

13. On December 10, 2018, Romona ran one of the Photographs on its Instagram Page. See: https://www.instagram.com/p/BrOVYUqhqx9/. A screenshot of the Photograph on the Instagram Page is attached hereto as Exhibit E.

14. The Instagram Page with one of the Photographs has 24,569 likes.

15. Romona did not license the Photographs from Plaintiff for its Websites, nor did Romona have Plaintiff's permission or consent to publish the Photographs on its Websites.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

16. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-15 above.

17. Romona infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Websites. Romona is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

18. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

19. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

20. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

21. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

22. Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT**
**(17 U.S.C. § 1202)**

23. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above.

24. Upon information and belief, in its article on the Websites, Defendant copied the Photographs from the New York Times which contained a gutter credit underneath the Photographs stating, "Nicole Craine" and placed one of the Photographs it on its Websites without the gutter credit.

25. Upon information and belief, Romona intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

26. The conduct of Romona violates 17 U.S.C. § 1202(b).

27. Upon information and belief, Romona's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

28. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Romona intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs. Romona also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs.

29. As a result of the wrongful conduct of Romona as alleged herein, Plaintiff is entitled to recover from Romona the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Romona because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

30. Alternatively, Plaintiff may elect to recover from Romona statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Romona be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Romona be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
January 30, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Nicole Craine*